**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DAVID EUGENE HALL,
Plaintiff-Appellant,

v.

CHARLES HIPPS, Jackson County
District Attorney, in his Individual
and Official Capacity; HAROLD
MCMAHAN, Town of Sylva Chief of
Police, in his Individual and

Official Capacity; MARLENE HYATT,
Thirtieth Judicial District Superior
Court Judge, in Her Official
Capacity,
Defendants-Appellees,

and

JACKSON COUNTY, NORTH CAROLINA,
Defendant.

No. 96-1899

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge; J. Toliver Davis,
Magistrate Judge.
(CA-95-154-D)

Argued: June 2, 1997

Decided: July 25, 1997

Before WILKINSON, Chief Judge, and WILKINS and
MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Pamela Anne White, Sylva, North Carolina, for Appellant. David Roy Blackwell, Special Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees Hipps and Hyatt; Ellen M. Gregg, WOMBLE, CARLYLE, SANDRIDGE & RICE, Winston-Salem, North Carolina, for Appellee McMahan. **ON BRIEF:** Zeyland G. McKinney, Jr., Robbinsville, North Carolina, for Appellant. Michael F. Easley, Attorney General, NORTH CAROLINA DEPARTMENT OF JUS-TICE, Raleigh, North Carolina; James P. Erwin, Jr., Special Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUS-TICE, Asheville, North Carolina, for Appellees Hipps and Hyatt.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Until December 1992, David Hall was employed as a deputy sheriff in Jackson County, North Carolina. From June 1989 to July 1992, Deputy Hall was detailed to a multi-county drug task force, the Smoky Mountain United Narcotics Investigative Team (SMUNIT), as the Officer in Charge.

In July 1992, a SMUNIT Board member, Harold McMahan, proposed an audit of SMUNIT's assets and inventory. Charles Hipps, the local District Attorney, made an ex parte motion in the local Superior Court to authorize Hipps to take possession of all SMUNIT property and conduct the audit. On July 24, 1992, Superior Court Judge Marlene Hyatt issued the requested order. As SMUNIT had been effec-

2

tively disbanded, Hall returned to his position at the Jackson County Sheriff's Department, where he remained until retiring for disability reasons several months later. The SMUNIT investigation continued for approximately one year. At its conclusion, Hipps issued a report that was very critical of Hall's management of SMUNIT. Judge Hyatt then issued an order, making similar findings. However, no criminal charges were ever filed against Hall.

In July 1995, Hall initiated this action under 42 U.S.C. § 1983 against McMahan, Hipps, and Hyatt. Hipps and Hyatt moved to dismiss; McMahan answered and then moved for judgment on the pleadings. In March 1996, the district court granted all three defendants' motions, but dismissed Hall's state law claims without prejudice, enabling him to refile them in state court.

We agree with the district court that injury to reputation alone is not deprivation of a liberty or property interest protected by the Fourteenth Amendment. See Paul v. Davis, 424 U.S. 693 (1976). Since Hall did not allege deprivation of any other protected interest,* he failed to state a claim under § 1983 against any of the defendants. Accordingly, having carefully considered the briefs and arguments of counsel, we affirm on this reasoning of the district court. See Hall v. Hipps, No. 1:95cv154 (W.D.N.C. March 1, 1996); Hall v. McMahan, No. 1:95cv154 (W.D.N.C. March 1, 1996).

AFFIRMED

_____
*Hall argues that the district court misunderstood his claim as alleging defamation; instead, he asserts an invasion of his "right to be free of prosecutorial actions . . . in which he is repeatedly named and cited but not prosecuted, when that prosecutorial action is injurious to the Plaintiff's name, reputation and livelihood." Brief of Appellant at 18. This court has never recognized such a right and we decline to do so here.

3